CHARLES H. GAVITT *et al. vs.* JOHN BERRY *et al.*

WASHINGTON—MAY 15, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity. Creditor's Bill. Probate Expenses.*

Gen. Laws R. I. cap. 218, § 27, provides a remedy, where an executor or administrator neglects to raise money out of the estate by selling real estate, if need be, in favor of any creditor damnified thereby.

A creditor's bill in equity will not lie against an estate to reach equitable assets until legal remedies have been exhausted.

BILL IN EQUITY. The facts are fully stated in the opinion. Heard on demurrer to bill, and demurrer sustained.

STINESS, C. J. The complainants are undertakers who have a claim against the estate of Susan C. Goodwin for her burial. She died October 11, 1896, leaving real estate in Westerly subject to three mortgages, which, after her death, were purchased by the respondent John W. Berry. The respondent Saxton P. Berry was appointed administrator on her estate December 7, 1896, and on January 4, 1897, he filed an affidavit in the Court of Probate of Westerly that he could find no personal estate of said Susan C. Goodwin. He has never rendered any further account or filed any inventory of said estate, nor petitioned the Court of Probate to appoint commissioners to pass upon the claims against said estate, nor for leave to sell said real estate to satisfy the claims against the estate, the complainants' claim having been duly presented to the administrator and allowed by him. February 17, 1898, John W. Berry sold the real estate under the mortgages for a sum which left a surplus of about three hundred and eighty-two dollars in his hands as mortgagee, which sum belongs to the estate of said Susan C. Goodwin. The bill alleges that said John W. Berry has refused to turn this sum over to the administrator, and that the latter has neglected and refused to recover such surplus, and that John W. Berry claims the right to hold it because he has bought a

doctor's bill of thirty dollars against the estate, and also claims to have a note, given to him by the intestate, for three hundred and fifty dollars.

The respondents demur to the bill upon the ground that the complainants have an adequate remedy at law.

(1)     We think that the demurrer must be sustained.     Gen. Laws cap. 215, § 16, in case the estate of a deceased person is insufficient to pay all the just debts which the deceased owed, puts the funeral charges as the first debt in order of payment after debts due to the United States.     Under the allegations of the bill the surplus in question belonged to the estate as equitable assets, and the complainants' debt is a first claim thereon.     It does not follow, however, that they can sue for it in equity without having exhausted their remedy at law.

By Gen. Laws cap. 218, § 27, if any executor or administrator neglects to raise money out of the estate of the testate or intestate by selling real estate, if need be, if he has power or can obtain leave to sell the same, such executor or administrator may be cited before the Court of Probate, and, if he shall fail to show reasonable cause therefor, the court may decree that he is guilty of unfaithful administration, and thereupon an action may be brought upon the bond of such executor or administrator by any creditor who may have been damnified thereby.     This statute clearly points out the course to be taken.     Not only does it point out a remedy at law, but the particular remedy in such a case.

The complainants rely upon certain cases decided by this court, but we think that they rest upon very different grounds. *Chaffee* v. *Franklin*, 11 R. I. 578, held that such a surplus is to be treated as real estate, and that the administrator in that case could not sue for it in assumpsit.     The case involved the dower of the widow, and questions between heirs and co-tenants which could not be settled in that suit.     Hence the remedy was in equity, where the fund could be marshalled.

*De Wolf* v. *Murphy*, 11 R. I. 630 was simply a bill of interpleader between attaching creditors and mortgagees.

*Winsor* v. *Pettis*, 11 R. I. 506, was a bill to set aside con-

veyances by the deceased, of realty and personalty to which the administrator was a necessary party.

*Allen* v. *Allen*, 12 R. I. 301, was also a bill of interpleader in which the administrator had no interest because it was not needed to pay debts.

It thus appears that this court has not held that a creditor of an estate can sue in equity before recourse to his remedy at law, and the general rule is that a bill to reach equitable assets does not lie when there is an adequate remedy at law, or until legal remedies have been exhausted.

The demurrer is sustained, but in this case without costs.

*N. B. Lewis and O. H. Williams*, for complainants.

*John W. Sweeney*, for respondents.